UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

BLAKE STEGER,

    Plaintiff,

v.

COLLETTE PETERS, Director Oregon
Department of Corrections, et al.,

    Defendants.

Case No. 6:16-cv-02093-YY

OPINION AND ORDER

YOU, Magistrate Judge:

## INTRODUCTION

On October 31, 2016, plaintiff Blake Steger ("Steger") filed this civil rights case under 42 USC § 1983, alleging claims against Collette Peters, the Director of the Oregon Department of Corrections ("ODOC"), 19 other named ODOC employees, and 20 John and Jane Doe defendants. When he filed his complaint, he was incarcerated at the Oregon State Correctional Institution ("OSCI"), but has since been released. Compl. ¶ 4, ECF #2; ECF #6.

This court has jurisdiction over Steger's claims under 28 USC §§ 1331, 1367(a), and 42 USC § 1983. All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).[1] ECF #17.

---

[1] The Ninth Circuit has held that the absence of consent from unserved parties identified by name deprives a magistrate judge of jurisdiction to dismiss a complaint. *Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017). In contrast to *Williams*, this case involves 20 unidentified and unserved John and Jane Doe defendants. Despite the passage of nearly twenty months, Steger

Before the court are defendants' Motion for Summary Judgment (ECF #38) and Motion to Dismiss for Lack of Prosecution (ECF #55). For the reasons that follow, these motions are granted and the case shall be dismissed.

## ALLEGATIONS AND CLAIMS

Steger alleges that he arrived at OSCI on May 12, 2015, and during his incarceration, he was sexually harassed and abused by other inmates and by corrections officers in violation of the Prison Rape Elimination Act ("PREA"). He contends that ODOC employees did nothing to stop the abuse, and he eventually filed multiple grievances and complaints with OSCI's Superintendent, Christine Popoff, and the Inspector General's office. Complaint 13-20, ECF #2. Steger alleges that, as a result of his grievances and complaints, unknown ODOC officials retaliated by retracting 32 days of his earned good time credit and thereby extended his release date out over a month. *Id*. at 15-16, 20-21, 29. He contends that his continued complaints and grievances resulted in no relief and left him exposed to his abusers on a regular and continuing basis. Steger eventually notified Superintendent Popoff that he would be pursuing this matter in federal court. *Id*. at 34.

Steger alleges eight claims for: (1) deliberate indifference to his safety and mental health needs in violation of the Eighth and Fourteenth Amendments of the United States Constitution

---

has not identified or served the Doe defendants. Any attempt to name or serve them now would be untimely under FRCP 4(m). Moreover, discovery has closed and the dispositive motion deadline has passed. "Therefore, the failure of those John Doe defendants, who were never actual parties to the case, to consent does not defeat the jurisdiction of the magistrate judge." *Tony Jones Apparel, Inc. v. Indigo USA, LLC*, 2005 WL 1667789, at *1 n.2 (N.D. Ill. July 11, 2005) (citation omitted); *see also Brooks v. Caswell*, 2015 WL 3986157, at *1 n.1 (D. Or. June 30, 2015) ("The Doe defendants named in [the] complaint do not affect consent."); *Alfano v. Farley*, 2014 WL 1660667, at *1–*2 (D. Or. April 25, 2014) (Simon J., holding consent not required from unserved parties; full consent to magistrate judge jurisdiction existed under 28 U.S.C. § 636(c)); 59 Am. Jur. 2d Parties § 20 ("John Doe defendants who are never identified or served are never made parties to the action.").

and Article I, Sections 13 and 16 of the Oregon Constitution (First, Third, and Fourth Claims); (2) sexual orientation discrimination in violation of the Fourteenth Amendment to the United States Constitution (Second Claim), Article I, Section 20 of the Oregon Constitution (Fifth Claim), and ORS 179.750 and ORS 659A.006 (Sixth Claim); (3) intentional infliction of emotional distress (Seventh Claim); and (4) negligence (Eighth Claim).

## DISCUSSION

**I.**   **Summary Judgment**

Defendants' motion raises a host of issues, including lack of exhaustion, lack of a cause of action under the PREA or § 1983 for verbal harassment, lack of personal participation by half of the named defendants, immunity from suit as to damages alleged against defendants in their official capacities, lack of economic damages, inability to recover punitive damages, Eleventh Amendment immunity, and a failure to plead, insufficient, and late tort claims notice. Many of these issues appear well-taken. However, this court is not required to expend its limited resources evaluating the merits of a motion to which Steger has not responded. Steger's failure to respond to defendants' motion for summary judgment is a concession on the merits. *See Lykins v. Hohnbaum*, 2002 WL 32783973, at *3 (D. Or. Feb. 22, 2002) (finding plaintiff conceded dismissal of a claim on motion for summary judgment by not addressing it); *Ward v. Nat'l Entm't Collectibles Ass'n, Inc.*, 2012 WL 12885073, at *10 (C.D. Cal. Oct. 29, 2012) (holding that by failing to oppose defendants' motion for summary judgment on damages claim, plaintiff abandoned right to seek such damages); *Bolbol v. City of Daly City*, 754 F.Supp.2d 1095, 1115 (N.D. Cal. 2010) (granting summary judgment where plaintiff failed to address the issue in opposition brief); *Ankele v. Hambrick*, 286 F.Supp.2d 485, 496 (E.D. Pa. 2003) (finding

where plaintiff made no response to the argument, he "waived his opportunity to contest it" and "summary judgment is appropriate").

## II. Failure to Prosecute

The day after defendants filed the pending motion, this court advised Steger of the standards governing disposition of summary judgment motions and allowed him until January 16, 2018, to file a response to defendants' motion. ECF #42. Following issuance of that order, Steger twice sought and was granted extensions of time to respond to defendants' motion. ECF #45 (granting an extension through February 15, 2018) and #48 (granting an extension through April 2, 2018). After the order regarding the latter extension was returned as undeliverable (ECF #50), this court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF #51. However, Steger then advised the court that his address had not changed, and the court withdrew the Order to Show Cause and ordered that his response remain due on or before April 2, 2018. ECF #52.

Despite two extensions of time, Steger has not substantively responded to defendants' motion. He also has not responded to the Notice of Non-Filing (ECF #54) that defendants submitted on the date their reply was due. On June 13, 2018, defendants filed a Motion to Dismiss for Lack of Prosecution. ECF #55. To date, even though over one month has passed, Steger has not filed a response to that motion either.

In determining whether to dismiss a case for failure to prosecute, the court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted).

Here, Steger learned of defendants' motion on December 12, 2017 (ECF #39), and the motion has now been pending for over six months with no substantive response or request for additional time to respond.[2] Thus, while less drastic alternatives exist and dismissal would not result in a decision on the merits, the remaining three factors weigh heavily in favor of dismissal for failure to prosecute. "The first factor (public interest in expeditious resolution of litigation) always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor, i.e., the court's need to manage its own docket, also weighs in favor of dismissal. Regarding the third factor, i.e.., prejudice to defendants, "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (citation omitted). "Delay alone has been held to be insufficient prejudice." *Id.* However, "unreasonable delay creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In this case, there has been more than mere delay; Steger's complete failure to respond has certainly impaired defendants' ability to go to trial. Considering the foregoing factors, dismissal for lack of prosecution is appropriate.

Given Steger's failure to file a response to defendants' motion to dismiss, failure to respond to the Notice of Non-Filing (ECF #54), and failure to file a response to defendants' Motion to Dismiss for Lack of Prosecution ECF #55), dismissal with prejudice is appropriate. "Dismissal with prejudice . . . for willful and inexcusable failure to prosecute, [is a] proper

---

[2] In his second extension request, Steger noted that he was attending physical therapy due to injuries sustained in an August 2017 motor vehicle accident, and had a difficult time typing legal documents due to carpal tunnel syndrome. ECF #47. However, despite the second new deadline and despite the "Notice of Non-Filing," Steger has submitted nothing further to the court either asking for additional time or substantively responding to defendants' motion.

exercise[] of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996).

**ORDER**

Defendants' Motion for Summary Judgment (ECF#38) and Motion to Dismiss for Lack of Prosecution (ECF #55) are granted, this case is dismissed with prejudice, and judgment will be entered in favor of defendants.

DATED  July 16, 2018.

/s/ Youlee Yim You  
Youlee Yim You  
United States Magistrate Judge